IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL KENNEDY, | Case No. 3:15-cv-01378-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| CENTRAL CITY CONCERN, a public benefit corporation, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Michael Kennedy ("Plaintiff") brings this action against his former employer, Central City Concern ("Defendant"), alleging claims for violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-54, violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-213, violation of the Oregon Family Leave Act ("OFLA"), OR. REV. STAT. §§ 659A.150-186, and violation of Oregon's disability discrimination statute, OR. REV. STAT. § 659A.112. Defendant now moves to dismiss or, alternatively, for summary judgment, contending

Page 1 - FINDINGS AND RECOMMENDATION

that Plaintiff voluntarily released all claims against Defendant in a separation agreement. Defendant's motion is accompanied by a request for judicial notice. The Court has original jurisdiction over Plaintiff's FMLA and ADA claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). For the reasons that follow, the Court denies Defendant's request for judicial notice (ECF No. 6), and recommends that the district judge deny Defendant's motion to dismiss or, alternatively, for summary judgment (ECF No. 4).

## DISCUSSION

### A.  The Doctrine of Judicial Notice

Defendant asks the Court to take judicial notice of the "public records portion" of the case file maintained by the Oregon Bureau of Labor and Industries ("BOLI"), in connection with the administrative complaint Plaintiff filed against Defendant in late January 2015. (Def.'s Req. Judicial Notice at 2.) Most importantly for present purposes, the BOLI case file includes (1) a copy of a separation agreement executed by Plaintiff, his union (the American Federation of State, County and Municipal Employees), and Defendant, on December 30, 2014; and (2) a letter that Plaintiff's counsel sent to the BOLI investigator on March 19, 2015, setting forth Plaintiff's legal position regarding whether he waived his right to pursue employment-related claims against Defendant.

A court may consider matters of judicial notice without converting a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For example, courts "may take judicial notice of a record of a state agency not subject to reasonable dispute." *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004); *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial

notice is appropriate for records and 'reports of administrative bodies.'"); *Ritchie*, 342 F.3d at 909 (explaining that district courts may take judicial notice of public records, including the records and reports of administrative bodies).

Although some records of a state agency are the proper subject of judicial notice, a district court "may not take judicial notice of documents filed with an administrative agency to prove the truth of the contents of the documents." *Benavides v. City of Arvin*, No. 12-cv-0405, 2012 WL 1910259, at *3 (E.D. Cal. May 25, 2012) (citing, *inter alia*, *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983)); *Klein v. Freedom Strategic Partners*, 595 F. Supp. 2d 1152, 1157 (D. Nev. 2009) ("When a court takes judicial notice of a public record, 'it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity.'" (quoting *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001))).

In *Benavides*, for example, the defendants asked the court to take judicial notice of, among other things, the contents of a police report. 2012 WL 1910259, at *2. The *Benavides* court declined to take judicial notice of the contents of the police report, because the contents were not the proper subject of judicial notice, and because "the allegedly indisputable facts contained in the police report . . . are subject to hearsay objections, and do not rise to the 'high degree of indisputability' required for judicial notice for their truth." *Id*. at *3 (citation omitted). Similarly, in *Ritchie*, the Ninth Circuit explained that not all records obtained from an administrative body fit within the judicial notice exception, noting "that the existence and content of a police report are not properly the subject of judicial notice." 342 F.3d at 909 (citing *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)).

Page 3 - FINDINGS AND RECOMMENDATION

By contrast, in *Jimenez v. Domino's Pizza*, 238 F.R.D. 241 (C.D. Cal. 2006), a case relied on by Defendant, the district court granted the defendant's request to take judicial notice of, *inter alia*, certain records relating to a wage claim presented in administrative proceedings before the California Labor Commissioner, including a "Decision or Award of the Labor Commissioner" and a "Division of Labor Standards Enforcement . . . Opinion Letter." *Id*. at 246. In doing so, the *Jimenez* court noted that "[t]he content of records and reports of administrative bodies are proper subjects for judicial notice," and "[a] court may also take judicial notice of the contents of public records." *Id*. at 246. However, in that the decision, the district court did not take judicial notice of the California Labor Commissioner's decision, or the opinion letter, for the truth of any facts recited therein.

BOLI is an administrative agency whose records are the proper subject of judicial notice. *See Or. Bureau of Labor & Indus. v. U.S. W. Commc'ns*, 288 F.3d 414, 417, 418 (9th Cir. 2002) ("The parties agree that BOLI is an administrative agency[.]"); *14.02 Acres of Land More or Less*, 547 F.3d at 955 ("Judicial notice is appropriate for records and 'reports of administrative bodies.'"). Thus, Defendant argues that it is appropriate for the Court to take judicial notice of Plaintiff's "admissions" to BOLI that: (1) he signed a separation agreement, (2) he conferred with his union before signing the separation agreement, (3) the separation agreement is "clear and unambiguous," (4) he knowingly accepted value in exchange for the release of claims, and (5) he was going to lose his job regardless of whether he signed the separation agreement. (Def.'s Reply at 2.) The Court disagrees.

While the Court may take judicial notice of the existence of the separation agreement and the letter from Plaintiff's counsel to the BOLI investigator, it would be impermissible for the Court to consider the truth of the statements in the letter from Plaintiff's counsel to the BOLI investigator, or to draw any inferences from those statements, as Defendant requests. *See F.D.I.C. v. Clementz*,

No. 13-cv-737, 2013 WL 6513001, at *5 (W.D. Wash. Dec. 12, 2013) ("While the Court has taken judicial notice of several of the documents at issue, the Court will not and does not find the contents of these documents make Plaintiff's claims implausible. On a motion to dismiss, the Court 'will not draw inferences in favor of Defendants from the judicially noticeable facts.'") (citation omitted); *see also Pina*, 752 F.2d at 50 ("The more critical an issue is to the ultimate disposition of the case, the less appropriate judicial notice becomes. A court should not go outside the record to supply a fact that is an essential part of a party's case unless the fact is clearly beyond dispute."). For example, the Court cannot conclude, via judicial notice alone, with whom Plaintiff conferred prior to signing the separation agreement, whether Plaintiff knowingly accepted value in exchange for the release of claims, or whether Plaintiff was in fact told that he was going to be fired regardless of whether he signed the agreement. Defendant asks the Court to weigh the truth of statements found in a document filed with an administrative agency, and the Court declines to do so. For these reasons, the Court denies Defendant's request for judicial notice.

**B.    The Doctrine of Incorporation by Reference**

Defendant also argues that the Court may consider the BOLI case file and separation agreement under the doctrine of incorporation by reference. Although the scope of review on a motion to dismiss for failure to state a claim is generally limited to the contents of the complaint, a district court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The district court "may treat such a document as 'part of the complaint, and

Page 5 - FINDINGS AND RECOMMENDATION

thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *Ritchie*, 342 F.3d at 908).

Plaintiff's complaint mentions that BOLI issued a right-to-sue letter, but makes no reference to the case file or separation agreement. Therefore, Plaintiff's complaint falls well short of incorporating the BOLI case file and separation agreement by reference. *See Ritchie*, 342 F.3d at 908 ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference."). By comparison, in *Harrell v. Kellogg Co.*, 892 F. Supp. 2d 716 (E.D. Pa. 2012), the court concluded that a settlement agreement was not integral or explicitly relied upon in the complaint, because it made no reference to the settlement agreement. *Id.* at 725. As such, the *Harrell* court declined to address the defendant's argument that the plaintiff waived all claims by entering into a settlement agreement, and noted that the defendant could raise the issue at a later stage of the litigation. *Id.* So too here.

**C.    Defendant's Motion to Dismiss**

Defendant's motion to dismiss relies on its argument that Plaintiff waived his right to pursue claims against Defendant by entering into the separation agreement. As explained above, the Court denies Defendant's request for judicial notice of the facts upon which Defendant relies in its motion to dismiss. The Court also disagrees with Defendant's assertion that the Court may consider the BOLI case file and separation agreement under the incorporation by reference doctrine. Accordingly, the Court recommends that the district judge deny Defendant's motion to dismiss. *See Harrell*, 892 F. Supp. 2d at 725 (denying a motion to dismiss on similar grounds).

///

///

**D.      Defendant's Motion for Summary Judgment**

Defendant has also moved for summary judgment, arguing that "there is no genuine dispute that Plaintiff entered into a separation Agreement that is clear and unambiguous, that he conferred with the union before entering into the separation Agreement, that the separation Agreement includes a waiver of claims, and that he accepted consideration in exchange for that waiver of claims." (Def.'s Reply at 8.) In support, Defendant points to the terms of the separation agreement itself, and the letter from Plaintiff's counsel to the BOLI investigator, in which Plaintiff's counsel suggests that Plaintiff was represented by his union during the course of negotiations, and that a union representative told Plaintiff that he would be fired regardless of whether he signed the agreement. (Def.'s Mot. at 9.) Plaintiff counters that there are several disputed facts regarding whether his release of claims is enforceable. (Pl.'s Resp. at 7-12.)

To determine if Plaintiff's claims are barred by the terms of the separation agreement, the parties focus on the factors enunciated in *Stroman v. West Coast Grocery Co.*, 884 F.2d 458 (9th Cir. 1989). *Stroman* concerned whether the plaintiff's Title VII discrimination suit was barred by the terms of a release agreement with his former employer. *Id*. at 459-60. The Ninth Circuit explained that four factors were particularly relevant in determining whether the plaintiff's waiver was voluntary, deliberate, and informed: (1) the clarity and lack of ambiguity of the agreement; (2) the plaintiff's education and business experience; (3) the presence of a noncoercive atmosphere for the execution of the release; and (4) whether the employee had the benefit of legal counsel. *Id*. at 462.

Based on the record before the Court at this early stage of the litigation, the Court concludes that Defendant has not demonstrated the absence of a genuine issue of fact as to, at a minimum, the second factor of the *Stroman* test (Plaintiff's education and business experience), the third factor

(whether the parties executed the release in a noncoercive atmosphere), and the fourth factor (whether Plaintiff had the benefit of legal counsel during negotiations). The record before the Court is undeveloped, and insufficient to allow the Court to make any meaningful determination as to whether Plaintiff's waiver was voluntary, deliberate, and informed. Specifically, the letter from Plaintiff's counsel to the BOLI investigator, standing alone, does not provide the Court with the facts necessary to determine if Plaintiff was represented by legal counsel during negotiations (as opposed to a union representative), or whether Plaintiff signed the agreement in a coercive atmosphere. Accordingly, Defendant's motion for summary judgment should be denied, with leave to renew the motion at a later time.[1]

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's request for judicial notice (ECF No. 6), and recommends that the district judge deny Defendant's motion to dismiss or, alternatively, for summary judgment (ECF No. 4), with leave to renew the motion for summary judgment at a later time.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a

---

[1] Plaintiff also raised a challenged to the admissibility of Defendant's summary judgment evidence. The Court declines to address Plaintiff's admissibility challenge because, even considering Defendant's summary judgment evidence, disputed issues of fact remain, as discussed herein.

response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 18th day of February, 2016.

*Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge